WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—December, 1884.

SINGER *v.* HAWLEY.

*In the matter of the estate of* ISAAC M. SINGER,
*deceased.*

Where an intelligent and competent person is appointed special guardian
for an infant in a special proceeding in a Surrogate's court, the decree
binds him as much as it would an adult.

Before the enactment of the Code of Civil Procedure, a Surrogate's court
possessed no power to open a decree and grant a hearing, on the ground
of an error in law; and no such power has been conferred by that act,
the words "or other sufficient cause," newly introduced by § 2481,
subd. 6, being properly referable to causes *ejusdem generis,* only.

A beneficiary under decedent's will, who had recently arrived of age,
applied to the Surrogate's court for the opening of a decree rendered
in 1877, judicially settling the account of the executor of said will;
and for the like relief in respect to two decrees rendered on subsequent
accountings by the same party, as trustee and testamentary guardian
of the applicant; so far as to permit him to contest the allowance of
commissions made to said executor, as such, and as trustee and guar-
dian, by said several decrees, alleging that the same exceeded the
amounts allowable under the statute, and that some portion thereof
were illegal by reason of being based upon the estimated value of
certain shares of stock claimed to have been specifically bequeathed;
and also to permit him to contest certain items of expenditure, allowed
for law expenses, and legal and other services, and also to contest the
direction in said decree contained, as to said stock, and the distribution
of the proceeds of certain realty. On each accounting a special guar-
dian was appointed for the applicant, then a minor.—

*Held,* that the errors alleged were errors of law; and that the application
must be denied, for want of power.

DAVID HAWLEY, the testamentary guardian and
trustee of Adam M. Singer, recently cited the ward
and *cestui que trust,* who had attained lawful age, to
attend a settlement of his accounts as such guardian,
etc. Pending this proceeding, and before the filing

of the account, Mr. Singer made an application, praying that a decree, made on the accounting of said Hawley as executor of the will of the deceased, and entered in 1877, and that two decrees on accounting by him as trustee and guardian entered, respectively, in 1878 and 1881, might be opened, vacated, modified or set aside, so far as to permit him to contest the allowance of commissions made to him as such, and as trustee and guardian, by said several decrees; alleging that the same exceeded the amounts allowable under the statute, and that some portion thereof were illegal by reason of being based upon the estimated value of certain shares of stock in the Singer Manufacturing company, claimed to be specifically bequeathed; and also to permit him to contest certain items of expenditure allowed for law expenses and legal and other services; and also to contest the direction in said decrees contained as to said stock, and the distribution of the proceeds of certain realty. On each accounting, a special guardian was appointed for the applicant, then a minor.

C. E. TRACY, *for the petitioner :*

The Surrogate has ample power to grant the relief sought (Code, § 2481). In such proceedings courts of record and general jurisdiction are governed by the Code, §§ 1282, 1283, 1291. Where an infant is concerned, and it is manifest, from an inspection of the record, that injustice has been done by clerical error or otherwise, the relief is always granted (Story v. Dayton, 22 *Hun*, 450; In re Tilden, *N. Y. Gen. Term* [not yet reported]; In re Scribner, 19 *Daily*

*Register, No.* 32, 1881; Tucker v. McDermott, 2 *Redf.*, 312).

F. N. BANGS, *for guardian and trustee:*

Section 2481 does not apply, as the last accounting proceeding was commenced before the section took effect; but if it does apply, it does not authorize the opening of a decree on the ground that the applicant thinks an error of law has been committed. The cases below cited sustain the proposition that discretion has never gone in the direction of opening judgments for any cause other than fraud, collusion, or a kindred cause; or of opening them upon a mere suggestion that errors of law have occurred. An appeal is the remedy against errors of law. And in the case of an infant, the court does its whole duty when it appoints an intelligent and competent person to be his special guardian. That being done, the decree binds him as much as it would an adult (Brick's Estate, 15 *Abb. Pr.*, 12; Daniels Ch. Pr., 5th ed., 164; Shotwell v. Murray, 1 *Johns. Ch.*, 512; Phillips v. Dusenberry, 8 *Hun*, 348; Champlin v. Laytin, 18 *Wend.*, 417).

THE SURROGATE.—There can be no doubt that subd. 6 of § 2481 of the Code is inapplicable to this case. The proceeding for the last of the series of accountings was commenced before chapter 18 went into effect; and § 3347, subd. 11, does not make it apply to such a proceeding. Nevertheless, that section was partly based upon former decisions of the courts, and was extended also, so as to embrace a

broader field of jurisdiction. Before the Code, a Surrogate had power to open decrees for an excusable default resulting injuriously to the defaulting party, for clerical error, for fraud in procuring the decree, and for other like causes. The only additional power conferred is to grant a new trial or hearing "for newly discovered evidence." Hence, I regard it as wholly immaterial, in this case, whether subd. 6 is, or is not, applicable.

This brings us at once to the question, such as it is, whether this court can grant a re-hearing for an error in law. This case, certainly, presents no features resembling fraud, error in placing or adding figures, procuring a signature to an important voucher by fraudulent representation, by means of which a credit is obtained, presenting a forged voucher and the like. The facts in the memorandum of the case of Story v. Dayton (22 *Hun*, 450), cited by petitioner's counsel, are not very fully stated. It would seem that one ground of complaint was the appointment of an improper person—a clerk in the office of the administrator's attorney—as the guardian *ad litem* for the minors. The case reported discloses no particular errors of fact, or mistakes, justifying the decision to the effect that the order of the Surrogate be reversed "unless the respondent will stipulate that the decree on final settlement may be amended in the particulars specified in the opinion herein," none of which are specified in so much of the opinion as is published. Apparently, errors in fact are the subject of the allusion. Tucker v. McDermott (2 *Redf.*, 312) has no application, as a

motion to open a decree was not the subject of consideration. In re Tilden (*Daily Reg., Mch.* 17, 1884), no special guardian for the minor was appointed on the first accounting, which occurred in 1872, before the passage of any act requiring the appointment of such on an accounting. But, at that time, it was proper, as a matter of practice, to do so, and was then the actual practice of this court; and it had the effect of concluding him (Dayton's Surr., 3rd ed., 505–507; Kellett v. Rathbun, 4 *Paige,* 102). This fact, alone, warranted the opening of the first decree, and any alteration of that necessarily affected, and involved the correction of, other and subsequent accountings, where special guardians had been appointed. But, in that case, the question here presented does not seem to have been raised, discussed, or considered. It is thus shown that the authorities cited by the learned counsel for the petitioner furnish but a feeble support to the proposition he urges.

If there were any such errors committed in the decrees as are complained of, and as to which I am not now in a position to determine, they were purely and simply errors of law. The question as to the proper amount of commissions to be allowed is not, in many cases, easy of solution, as is evidenced by many recent and conflicting decisions in various courts. Hence, the erroneous fixing of them in the decree, or the refusal by the court to allow any at all (of which I have heard) cannot be characterized as a fraud, a mistake, a clerical 'error, or the like. It is simply an error in law, however ignorant, corrupt, or negligent the court may have been in the discharge

of its duty; and the only remedy, if the court, on attention being called to it *dum fervet opus*, fail to correct it, is by appeal. The decree embodies the deliberate and solemn, even if reprehensible, judgment of the court. This court, before the Code, possessed no power to open such a decree and grant a rehearing in such a case; and none has been conferred upon it since, as the phrase "for other sufficient cause," is to be construed as applying to causes *ejusdem generis*, only.

It will, I think, be conceded that questions relating to the allowance of commissions on specific bequests have arisen, mainly, as matters of law, concerning the nature of the subject of the bequest, as being specific or otherwise. Their allowance or rejection is still a question of law. And, whatever the adjudication may have been, it can only be remedied, if erroneous, by appeal, and not by a motion of this character. The other errors complained of, belong to the same category, no errors of fact being assigned, and must be disposed of accordingly.

The authorities cited by the counsel for the trustee abundantly establish the principle that, where an intelligent and competent person is appointed the special guardian for the minor, the decree binds him as much as it would an adult. No allegation is made as to any want of intelligence or competency of the several persons who acted as such, on the several accountings; nor is there any suggestion of fraudulent conduct on their part.

Whether errors were committed on any, or all of the accountings, it is, therefore, needless to inquire.

In any event, the petitioner having been represented by special guardian, on each occasion, and the time to appeal having expired, I cannot but regard him as concluded.

Motion denied.